## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

CORDARRIEL GREEN,            )
                            )
            Plaintiff,       )
                            )
v.                          )            CV424-018
                            )
GLEN A. CHENEY,             )
                            )
            Defendant.       )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Cordarriel Green filed a Complaint alleging various claims against Liberty County, Georgia Superior Court Judge Glen A. Cheney. *See generally* doc. 1. He also moved to pursue this case *in forma pauperis*. Docs. 2, 10 & 12. Despite some ambiguities concerning his financial status in his earlier applications, based on his most recent submission, doc. 12, the Court is satisfied that he lacks the ability to pay the required filing fee. His request to proceed *in forma pauperis* is, therefore, **GRANTED**. Docs. 2, 10 & 12. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x

49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Green alleges that he attended "a civil hearing," in an unidentified case before Judge Cheney on March 17, 2022.  Doc. 1 at 3-4.  The exact sequence of events is not entirely clear, but it is clear that Judge Cheney, from the bench, directed a "deputy" to "arrest" Green, or at least to bring Green into the courtroom.  *Id.* at 4-5.  The deputy "grabbed [Green] by his left arm, forcibly shoved [Green] into the entrance door with excessive

force and then into the Courtroom." *Id.* Judge Cheney directed unidentified court staff to call an ambulance for Green and stated that he was "going to have to dismiss this case." *Id.* at 5. Green "left the courthouse without receiving medical attention." *Id.*

Green's assertion of a claim pursuant to 18 U.S.C. §§ 241, 242, and 249 can be resolved with dispatch. *See* doc. 1 at 9-13. Section 241 prohibits conspiracy "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . ." 18 U.S.C. § 241. Section 242 prohibits deprivation of "any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . on account of such person being an alien, or by reason of his color, or race . . . ." 18 U.S.C. § 242. Section 249 prohibits causing bodily injury, or attempting to cause such injury, because of the victim's "actual or perceived race, color, religion, or national origin . . . gender, sexual orientation, gender identity, or disability . . . ." 18 U.S.C. § 249(a)(1)-(2). Regardless of Cheney's strained application of the statutes to the facts alleged, doc. 1 at 9-13, his claims fail because the statutes do not provide

a private right of action. *See, e.g., Sanders v. Carro*, 2024 WL 382454, at *2 (N.D. Ohio Feb. 1, 2024) ("Sections 241, 242, and 249 are criminal statutes and provide no private right of action to civil plaintiffs," and collecting cases). Those claims should, therefore, be **DISMISSED**.

Green's constitutional claims, *see* doc. 1 at 7-9, are also easily resolved because Judge Cheney enjoys absolute immunity. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986).

The Supreme Court considered the application of judicial immunity to allegations of seizure and excessive force in *Mireles v. Waco*, 502 U.S. 9 (1991). In that case, the judge-defendant, "angered by the absence of attorneys from his courtroom," ordered police officers "to forcibly and with excessive force seize and bring plaintiff[, an attorney,] into his courtroom." 502 U.S. at 10 (internal quotation marks omitted). In

response, officers allegedly seized the plaintiff "cursed him, and called him 'vulgar and offensive names,' then 'without necessity slammed' him through the doors and swinging gates into Judge Mireles' courtroom." *Id.* (record citations omitted)). "Judge Mireles, it was alleged, 'knowingly and deliberately approved and ratified each of the aforedescribed acts' . . . ." *Id.* (record citations omitted). The Court of Appeals held that "if Judge Mireles requested and authorized the use of excessive force, then he would not be acting in his judicial capacity." *Id.* at 11 (citation omitted).

The Supreme Court "summarily reverse[d],"[1] the Court of Appeals. *Mireles*, 502 U.S. at 11. The Court explained that "[o]f course, a judge's direction to police officers to carry out a judicial order with excessive force is not a 'function normally performed by a judge.'" *Id.* at 12 (quoting *Stump*, 435 U.S. at 362). However, "[i]f judicial immunity means

---

[1] Justices Scalia and Kennedy dissented from the summary disposition, noting that such reversals are "usually reserved for situations in which . . . the decision below is clearly in error." *Mireles*, 502 U.S. at 15. While Justices Scalia, Kennedy, and Stevens clearly disagree that "the decision here reversed is, at a minimum, not *clearly* in error," *id.*, a majority of the justices found that it was. The Court notes the somewhat extraordinary procedure because the facts at issue in *Mireles* were clearly more egregious—to the extent that it was alleged that the defendant judge expressly ordered the officers to use "excessive force," *id.* at 10—than the facts Green alleges. Thus, if the application of judicial immunity to the facts in *Mirles* was so clear to six justices as to merit summary disposition, there can be little dispute that the facts at issue here are subject to the same treatment.

anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." *Id*. at 12-13 (internal quotation marks, alteration, and citation omitted).  The Court concluded that because the function, *i.e.* "directing police officers to bring counsel in a pending case before the court," was judicial in nature, immunity applied.  *Id*. at 13.  Moreover, the fact that the order was directed at a third party, *i.e.* the police officers, did not alter its fundamentally judicial character.  *Id*. ("A judge's direction to an executive officer to bring counsel before the court is no more executive in character than a judge's issuance of a warrant for an executive to search a home." (citation omitted)).  Finally, the Court concluded that it had "little trouble" in concluding that the defendant judge's actions were not "taken in the complete absence of all jurisdiction."  *Id*.  "If [the defendant judge] authorized and ratified the police officers' use of excessive force, he acted in excess of his authority.  But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction."[2]  *Id*.

---

[2] Justice Stevens, joined by no other justice, dissented on the grounds that the specific direction to the officers to use excessive force was not a judicial function. *See Mireles*, 502 U.S. at 14 (Stevens, J. dissenting).  However, even Justice Stevens agreed that the order to bring the plaintiff attorney into the courtroom "was an action taken in a

The Court's opinion in *Mireles* precludes all of Green's claims against Judge Cheney.  His Complaint is explicit that, at the time of the alleged events, he was attending "a civil hearing" and "[t]he presiding judge for the civil hearing[ ]," was Judge Cheney.  Doc. 1 at 3-4.  Given the Complaint's clear allegation that whatever actions Cheny allegedly took, including the seizure and resulting alleged excessive force, were "in the very aid of the judge's jurisdiction over a matter before him," those actions were judicial in nature and not taken in the absence of jurisdiction.  *Mireles*, 520 U.S. at 13.  The fact that Green was a party to the proceeding and the plaintiff in *Mireles* was an attorney does not alter the analysis.  *See, e.g., Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) ("Judges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse; the issuance of an order removing persons from the courthouse in the interest of maintain such control is an ordinary function performed by judges . . . .").  *Cf. Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) ("Because judges frequently encounter disruptive individuals in their courtrooms,

---

judicial capacity."  *Id.*  Given that Green alleges only that Judge Cheney ordered the deputy to "Bring me up Mr. Green," after Green ignored Cheney's direction from the bench to "come here," *see* doc. 1 at 4, it appears beyond dispute that Cheney's order was a judicial act.

exposing . . . court security officers to potential liability for acting on a judge's courtroom orders could breed a dangerous, even fatal hesitation."). Given that the only facts alleged in Green's Complaint relate to actions clearly taken in Cheney's judicial capacity, and not in the clear absence of jurisdiction, he enjoys immunity against those claims and they should be **DISMISSED**.

Green also includes vague allegations implicating the taking of unspecified property, perhaps a mobile home. *See* doc. 1 at 8, 9, 16-17. None of the facts alleged even hint at such a taking. *See id.* at 3-6. In the absence of any such allegation, he clearly fails to state a claim upon which relief can be granted. *See, e.g., Iqbal*, 556 U.S. at 678. To the extent that any such claim is based on the disposition of the "civil hearing" which forms the background of the events alleged, this Court would likely lack jurisdiction to review or reverse such a disposition. *See, e.g., Behr v. Campbell*, 8 F.4th 1206, 1209-10 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("[S]tate court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation marks omitted)).  To the extent that Green contends that there is some error in the disposition of some civil matter before Judge Cheney, "[t]he normal way to correct errors in the trial or other disposition of a law suit is by appeal, not by suing the judge." *Gay v. Heller*, 252 F.2d 313, 315 (5th Cir. 1958).  To the extent that Green asserts any claim arising from the disputed disposition of proceedings in state court, it should be **DISMISSED**.

Green also asserts several state law tort claims.  *See* doc. 1 at 13-14.  As the Complaint expressly concedes, there is no independent basis for the Court to exercise jurisdiction over any state law claims.  *Id.* at 3.  Since Green has not alleged any viable federal claim, the Court should decline to exercise supplemental jurisdiction over any state-law tort claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires

dismissal of state claims." (internal quotation marks and citations omitted)). Moreover, those claims all appear to rely on criminal statutes, *see* doc. 1 at 13-14 (citing O.C.G.A. §§ 16-8-16, 16-5-40, 16-5-1, 16-5-20), which do not appear to provide any civil cause of action, *see, e.g., Rolleston v. Huie*, 400 S.E. 2d 349, 350 (Ga. Ct. App. 1990) ("[N]othing within [§16-8-16's] provisions purports to create a private cause of action in tort in favor of an alleged victim."); *Oswald v. Am. Nat. Can Co.*, 392 S.E. 2d 26, 27 (Ga. Ct. App. 1990) ("The violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who is injured thereby." (internal quotation marks and citation omitted)). Finally, for the reasons explained above, Judge Cheney likely also enjoys absolute immunity against state law damages claims. *See, e.g., Arnold on behalf of Arnold v. City of Hampton*, 2023 WL 3243913, at *19 (N.D. Ga. Mar. 16, 2023) (citing *Withers v. Schroeder*, 819 S.E.2d 49, 52 (Ga. 2018) (dismissing state law claims on judicial immunity grounds "[f]or the same reasons" the court determined federal judicial immunity applied). Green's state law claims should, therefore, be **DISMISSED**.

Since all of Green's claims fail, his Complaint should be **DISMISSED**. Doc. 1. Although *pro se* parties are often entitled to an

opportunity to amend their complaints before dismissal, Green's claims do not appear amendable.[3]  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[3] Although the Court discerns no viable claim arising from the facts alleged, Green remains free to submit an amended complaint within the fourteen-day objections period, discussed below, if he wishes to expand his allegations.  Green is advised that, if he submits an Amended Complaint, it will supersede his original pleading and, therefore, must be complete in itself.  *See, e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir 1982).

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of February, 2024.

                        _____

                        CHRISTOPHER L. RAY

                        UNITED STATES MAGISTRATE JUDGE

                        SOUTHERN DISTRICT OF GEORGIA