# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CORDARRIEL GREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV424-018 |
| GLEN A. CHENEY, | ) ) ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 14, to which Green has filed objections, doc. 15. For the reasons explained below, Green's Objections are **OVERRULED**. Doc. 15.

The Magistrate Judge explained that Green's Complaint alleged Liberty County, Georgia Superior Court Judge Glen A. Cheney violated his constitutional rights when, from the bench, he directed a deputy to seize Green and bring him into the courtroom. Doc. 14 at 2-3. After Cheney informed Green that an ambiguously described civil case would be dismissed, Green was permitted to leave the courthouse. *Id.* at 3. The Magistrate Judge first noted that Green's asserted claims under

several criminal statutes, 18 U.S.C. §§ 241, 242, and 249, fail because those statutes do not give rise to any civil cause of action. *Id.* at 3-4. The Magistrate Judge then explained that Judge Cheney enjoys absolute immunity against Green's 42 U.S.C. § 1983 damages claim, which arose exclusively out of Cheney's actions in his judicial capacity. *Id.* at 5-7 (discussing *Mireles v. Waco*, 502 U.S. 9 (1991)). He recommended that Green's claims against Cheney, apparently arising from alleged defects in the disposition of a property dispute, be dismissed on jurisdictional grounds. *Id.* at 8-9. Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Green's state law claims. *Id.* at 9-10.

Green first objects that the Magistrate Judge took any action at all. *See* doc. 15 at 2. However, Green lacks any standing to object to the Magistrate Judge's review of his case, pursuant to this Court's standard operating procedures. Magistrate judges' authority is established by statute. *See* 28 U.S.C. § 636(b)(1). Moreover, the rights of litigants to object to actions taken by a magistrate judge, and their right to a *de novo* review of those decisions in some instances, is similarly established by statute. *Id.* The distribution of judicial

responsibilities, subject to those statutory limitations, is not within a plaintiff's purview to dispute. *See, e.g., Foster v. Gloucester Cnty. Bd. of Chosen Freeholders*, 465 F. Supp. 293, 296 (D.N.J. 1978) ("[T]he parties to a litigation have no power to interfere with a district judge's statutory authority to delegate various responsibilities to Magistrates . . ."); *Contreras v. Davis*, 2022 WL 1555363, at *2 (E.D. Cal. May 17, 2022) (same). The statutory provisions governing review of magistrate judge decisions fully protects litigants' rights and no court has ever suggested that the operation of those provisions violates the Constitution or any other provision of law. *See, e.g., Escudero v. Jordan*, 2019 WL 4463265, at * 2 (E.D. Tex. Sept. 18, 2019) ("Referrals to United States Magistrate Judges are authorized by 28 U.S.C. § 636 and are not unconstitutional[,]" and collecting cases). Green's Objection to the Magistrate Judge's review of his case, pursuant to 28 U.S.C. § 1915(e), is, therefore, meritless.

Green next presents, somewhat confusingly, additional facts related to the hearing at issue. *See* doc. 15 at 3. He indicates that Judge Cheney concluded, about the unspecified matter before him, that he lacked jurisdiction. *Id.* However, his lack of jurisdiction over that

3

matter, does not, as Green suggests, *id.* ("Green in fact did attend the hearing in which Cheney would not allow Green to go onto the record, nor file into the record, and Judge Cheney specifically stated, 'I do not have jurisdiction[,]' from the bench." (cleaned up)), indicate that he lacked jurisdiction to take other actions, as relevant to evaluating whether judicial immunity might apply.  As discussed below, the Magistrate Judge's analysis of Judge Cheney's immunity was correct.

Before returning to his objections to the Magistrate Judge's judicial immunity analysis, Green objects to the recommended dismissal of his claims based on the criminal statutes.  Doc. 15 at 3.  His suggestion that claims under those statutes can be pursued by private litigants pursuant to § 1983 is not supported by *any* authority.  *Id.* at 4. The Court is aware of no authority that permits a private citizen to seek monetary damages for alleged violations of criminal statutes.  On the contrary, it is well established that "[c]riminal statutes cannot be enforced by civil actions." *Bass Angler Sportsman Soc. v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971) (citation omitted).  It is "firmly established . . . that criminal statutes can only be enforced by the proper authorities of the United States Government and a private

4

party has no right to enforce those sanctions." *Id.* (citation omitted). Green's objection to the rejection of his criminal-law based claims is, therefore, meritless.

Green next objects to the Magistrate Judge's reliance on the Supreme Court's opinion in *Mireles v. Waco*, 502 U.S. 9 (1991), in analyzing Judge Cheney's immunity. Doc. 15 at 4-5. He asserts that *Mireles* is distinguishable because the subject of the defendant-judge's seizure in *Mireles* was a public defender "obligated by the State to attend a hearing." *Id.* That distinction, however, is not compelling. The question the Supreme Court addressed in *Mireles* was not the status of the plaintiff, but the power of the judge to exercise control, including physical control, over his courtroom. As the Magistrate Judge explained "[t]he fact that Green was a party to the proceeding and the plaintiff in *Mireles* was an attorney does not alter the analysis." Doc. 14 at 7 (citing *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) ("Judges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse; the issuance of an order removing persons from the courthouse in the interest of maintaining such control is an ordinary function performed by judges . . . .")).

5

Green also suggests that it is, somehow, relevant that the hearing Judge Cheney was presiding over was civil, not criminal. Doc. 15 at 5. He also suggests that Judge Cheney's authority was, somehow, limited by the fact that the Court, and not the litigants, scheduled the hearing. *Id.* at 5-6. Neither assertion is valid. Green points to no authority that suggests a judge's "jurisdiction" is affected by the nature or the instigation of a proceeding. A judge's authority to control his or her courtroom is unaltered by the nature of the proceeding over which he or she is presiding. Moreover, even supposing that Cheney's direction were somehow erroneous, or exceeded the scope of his authority, as *Mireles* explained, that does not alter the immunity analysis. *See* 502 U.S. at 12-13 ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority.") (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) (internal quotation marks and alterations omitted). The Court can discern no meaningful distinction between Cheney's alleged conduct and the defendant judge's conduct in *Mireles*. The Court agrees with the Magistrate Judge's conclusion that Cheney is immune from Green's § 1983 damages claim.

Green does raise one issue that merits an additional comment. He cites to the Supreme Court's opinion in *Bradley v. Fisher*, 80 U.S. 335 (1871) to assert that his allegation that Judge Cheney lacked jurisdiction in the underlying proceeding is tantamount to an allegation that he "lacked all jurisdiction," sufficient to preclude his immunity. Doc. 15 at 8. Green misunderstands the applicable concepts. *Sparkman* explained that judicial immunity depends upon the defendant-judge's authority. *See Sparkman*, 435 U.S. at 357 n. 7. In Georgia, superior courts are courts of general jurisdiction. *See* O.C.G.A. § 15-6-8. Green's suggestion that the nature of the hearing, *i.e.*, whether it is "civil" or "criminal," limits the presiding judge's "jurisdiction" is simply mistaken. *Cf.* O.C.G.A. § 15-1-3(1). Whether or not Green is correct that Judge Cheney exceeded his authority in directing the officer to seize him, he points to nothing that suggests that Cheney's action was "in the clear absence of all jurisdiction." *See Stevens*, 877 F.3d at 1306-07 (discussing immigration judge's immunity against claim arising from direction to remove a spectator from his courtroom).

Green's remaining objections are also meritless. He disputes the Magistrate Judge's dismissal of his ambiguous property-related claim. *See* doc. 15 at 6. However, he does not dispute the Magistrate Judge's conclusion that, whatever the status of that claim, it cannot give rise to any civil claim against Judge Cheney. *See* doc. 14 at 8-9. Any such claim is, therefore, properly dismissed. Finally, Green poses a number of hypothetical questions which suggest that he contends that, since judges might, in some circumstances, be subject to criminal prosecution for their actions or impeached, they must, therefore, be subject to civil liability. Doc. 15 at 11-12. The recognition of judges' absolute immunity *from civil actions for damages* in no way suggests that their actions are beyond scrutiny. Whatever remedies may be available to remedy a judge's errors, they do not include civil actions like this one.

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, doc. 14, to which Green has filed objections, doc. 15. For the reasons explained above, Green's Objections are **OVERRULED**. Doc. 15. The Magistrate Judge's Report and Recommendation is **ADOPTED**. Doc. 14. Green's

Complaint is **DISMISSED**.  Doc. 1.  The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 15 day of March, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA